# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

### Magistrate Judge David L. West

**Civil Action No. 06-CV-00556-JLK-DLW**

**PAGOSANS FOR PUBLIC LANDS,**

**Plaintiff,**

**vs.**

**U. S. FOREST SERVICE, and
U. S. DEPARTMENT OF AGRICULTURE,**

**Defendant.**

---

## FINDINGS AND RECOMMENDATION RE: PLAINTIFF'S
## MOTION FOR DECLARATORY JUDGMENT ON THE PLEADINGS

---

**ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

Plaintiff's Motion for Declaratory Judgment on the Pleadings on Plaintiff's First Claim for Relief was referred to the Magistrate Judge by Judge John L. Kane on July 7, 2006.

### BACKGROUND

The Plaintiffs have filed a Complaint pursuant to 5 U.S.C. §552, *et. seq.*, claiming the Defendant violated the Freedom of Information Act (FOIA) by withholding agency records from Plaintiff that pertain to a proposal for land exchange of private and federal land known as the Laughlin Park Land Exchange.

1

On August 26, 2004, Plaintiff submitted a written request seeking information regarding Laughlin Park and Defendant responded October 18, 2004. On November 8, 2004, Plaintiff filed a timely administrative appeal of Defendant's October 18, 2004 response. Defendant did not respond to Plaintiff's administrative appeal within the prescribed 20 days.

Plaintiff filed a Motion for Declaratory Judgment on the pleadings under Rule 12(c), F.R. Civ. P. On its first claim for relief because Defendant did not timely respond to its November 8, 2004 administrative appeal.

## ANALYSIS

There is no jurisdiction under FOIA for a declaratory judgment.

The purpose of a declaratory judgment is to settle legal rights not already determined. *United States v. Doherty*, 786 F. 2d 491, 498 (2nd Cir. 1986). Its principal goal "is to clarify in an expeditious manner the 'rights, liabilities, and other legal relationships' between adverse parties." *Bethel Native Corp. v. Dept. Of Interior*, 208 F.3d 1171, 1176 (9th Cir. 2000) (citation omitted). *See also Broadview Chemical Corp. v. Loctite Corp.*, 474 F. 2d 1391, 1393 (2ND Cir. 1973) ("[T]he principal purpose of a declaratory judgment is to clarify and settle disputed legal relationships and to relieve uncertainty, insecurity and controversy."). A court should only exercise its discretion to issue a declaratory judgment when it will serve a useful purpose in clarifying and settling legal relationships in issue, or when it will terminate and afford relief from uncertainty, insecurity and controversy which gives rise to the proceedings. *Continental Assur. Co. v. MacLeod-Stedman, Inc.*, F. Supp. 449, 466 (N.D. Ill. 1988).

In the instant case no controversy exists for purposes of Plaintiff's request for declaratory

2

relief. Plaintiff argues that Defendant did not timely respond to its November 8, 2004 administrative appeal. It is clear under the FOIA that an agency has twenty (20) days to respond to FOIA appeals. 5 U.S.C. §552(a)(6)(A)(ii). Failure to process an administrative appeal within the statutory time limit gives rise to a cause of action in federal court pursuant to 5 U.S.C. §552(a)(4)(B).

But Defendant's failure to abide by the 20-day response time, by itself, presents no controversy with respect to whether a declaratory judgment should issue. If an agency does not issue a determination within the 20-day period, the requester may immediately seek judicial review, if he or she wishes to do so. *See, e.g., Spannaus v. United States Dept. of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987); *Perdue Farms v. NLRB*, 927 F. Supp. 897, 904 (E.D.N.C. 1996), *vacated on other grounds*, 108 F. 3d 519 (4th Cir. 1997). Plaintiff has filed such a Complaint.

Similar motions for declaratory judgment have been rejected. In *FightTheFence.org v. U.S. Dept. of Commerce*, 2006 WL 650178 (D. Colo. 2006), the plaintiff argued that the defendant was dilatory and unresponsive to its FOIA request and that the Court should enter a declaratory judgment that the defendant has violated the time requirements in FOIA. The district court rejected that argument, finding a need for a declaratory judgment only if a plaintiff shows an agency's <u>practice</u> of refusal to comply with the requirements of FOIA. Because the plaintiff in *FightTheFence* failed to show any <u>pattern or practice</u> of refusing to comply with statutory deadlines for responding to FOIA requests, plaintiff's requests for a declaratory judgment was denied. *Payne Enterprises, Inc. v. United States*, 837 F. 2d 486 (D.C. Cir. 1988).

In *Edmonds Institute v. U.S. Dept. of Interior*, 383 F. Supp. 2d 105 (D.D.C. 2005), the plaintiff argued that it is entitled to a declaratory judgment that the Department of Interior acted

3

contrary to law in violation of the Administrative Procedure Act when it failed to respond to Edmonds' FOIA requests within the twenty working dates required by statute. 5 U.S.C. §552(a)(6)(A)(I) & (ii). The district court rejected that argument, finding that the FOIA statute offers a clear and simple remedy for agency non-compliance with the FOIA deadlines.

In this case, no pattern or practice has been established and therefore;

**IT IS RECOMMENDED** that Plaintiff's Motion for Declaratory Judgment as its First Claim for Relief should be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

**DATED: November 29, 2006.**

                                          **BY THE COURT:**

                                          **s/David L. West**

**United States Magistrate Judge**