IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.   **06-cv-00556-JLK-DLW**

**PAGOSANS FOR PUBLIC LANDS,**

        Plaintiff,

v.

**U.S. FOREST SERVICE, and**
**U.S. DEPARTMENT OF AGRICULTURE,**

        Defendants.
_____

**ORDER ON MOTION TO REMAND**
_____

Kane, J.

This matter is before me on Plaintiff's "Motion to Remand and Recommit Order (#44) to the Magistrate Judge With Instructions" (Doc. 46), filed December 9, 2006. In this motion, Plaintiff Pagosans For Public Lands ("PPL") requests that I not act on the Magistrate Judge's Findings and Recommendation Re: Plaintiff's Motion for Declaratory Judgment, filed on November 29, 2006, but instead remand Plaintiff's declaratory judgment motion to the Magistrate Judge with instructions that it be addressed by the parties and reconsidered by Magistrate Judge West under Rule 56's standard for summary judgment. PPL asserts the issues raised by its motion would be more efficiently resolved in this manner because the court has permitted PPL to undertake some limited discovery and because it anticipates that the parties will file motions for summary judgment at the close of this discovery. In the alternative, PPL requests that it be allowed ten days from

the date of this order to serve and file written objections to the Magistrate Judge's November 29 Recommendation.

I deny Plaintiff's motion for remand. The motion that is the subject of the Magistrate Judge's November 29 Recommendation concerns PPL's first claim for relief, in which PPL alleges that the Defendant U.S. Forest Service violated the Freedom of Information Act ("FOIA") by failing to respond to its November 8, 2004 appeal of a FOIA decision within the statutorily prescribed period of 20 working days. Pursuant to Rule 12(c), PPL moved for declaratory judgment on the pleadings on this claim based on the Forest Service's admission that it has yet to act on PPL's 2004 FOIA appeal. The Forest Service conceded in response that it had not acted on PPL's FOIA appeal as required by the Act, but asserted that FOIA did not provide jurisdiction for a declaratory judgment, that the first claim did not present a controversy that justified issuance of declaratory relief and that the only remedy for an agency's violation of FOIA's statutory deadlines for agency action was to bring suit in federal court to compel the agency to act on the FOIA request or appeal.

In the November 29, 2006 Findings and Recommendation, the Magistrate Judge agreed with the Forest Service and recommended that I deny PPL's motion for judgment on the pleadings. In his recommendation, the Magistrate Judge also noted that some courts have allowed declaratory relief on claims that an agency had a pattern or practice of non-compliance with FOIA's response deadlines, but found that PPL had not established any such pattern or practice here.

Neither PPL's motion for declaratory judgment nor the Magistrate Judge's recommendation address PPL's second claim for relief, which alleges the Forest Service violated FOIA by illegally withholding the documents that are the subject of PPL's 2004 FOIA appeal. In its administrative decision on PPL's FOIA request, the Forest Service asserted that these documents were "predecisional/deliberative" and therefore exempt from disclosure under FOIA Exemption 5. PPL alleges in its complaint that Exemption 5 does not apply, and that the documents are therefore subject to disclosure, because, on information and belief, the Forest Service had provided the disputed documents to private parties not employed by the federal agencies.

On December 20, 2006, I affirmed the Magistrate Judge's order allowing PPL limited discovery to determine whether the disputed documents had been shared with private parties. This discovery was scheduled to conclude on January 15, 2007. No other discovery has been authorized in this action.

Given this background, I find no efficiency in remanding PPL's motion for declaratory judgment concerning its first claim for relief, regarding the Forest Service's lack of response to its 2004 FOIA appeal, for further briefing and consideration by the Magistrate Judge under a summary judgment standard. The limited discovery that is underway is not relevant to the violation alleged in this claim. PPL has previously asserted that no material fact remains at issue regarding its first claim for relief, *see, e.g.*, Pl.'s Mot. for Decl. J. (Doc. 11) at 5, and the Forest Service has not disputed this assertion. In fact, the Forest Service recently moved for summary judgment on PPL's

3

first claim based on these undisputed facts and, also of relevance here, the same legal arguments it advanced in response to PPL's motion for declaratory judgment on this claim. Because there are no disputed facts material to determination of this claim, and the parties have already had the opportunity to present their legal arguments pertaining to it in connection with PPL's motion for declaratory judgment, no benefit would be achieved by remanding the Magistrate Judge's recommended decision on this claim for additional briefing and consideration in connection with the parties' motions for summary judgment.

I reach the same conclusion with respect to PPL's additional argument that remand for consideration under Rule 56 is required because the Magistrate Judge improperly reached beyond the pleadings to make and rely on a factual finding that PPL had not established a pattern or practice of Forest Service non-compliance with FOIA. Although the Magistrate Judge included some language in his recommendation that can be read to this effect, *see* November 29, 2006 Recommendation at 4, this alleged error is immaterial because the PPL did not, in fact, allege in its complaint that the Forest Service had engaged in such a pattern or practice. PPL's complaint alleges a single violation of FOIA's response deadlines by the Forest Service. The only mention of any Forest Service's "pattern and practice" in responding to FOIA responses is anticipatory, when PPL reports that it seeks a permanent injunction to halt "*any future* pattern and practice by Defendants" of non-compliance with FOIA's response and other requirements. *See* Complaint, ¶ 50 (emphasis added); *see also id.* at 14 (prayer for relief). Accordingly, the

Magistrate Judge is correct that no issue or claim concerning a current pattern or practice of Forest Service delaying responses to FOIA requests is presented by this case.

PPL's alternative request for 10 days from the entry of this order in which to serve and file objections to Magistrate Judge West's Recommendation is GRANTED. Accordingly, PPL may file any objections to the Magistrate Judge's November 29, 2006 Recommendation no later than February 1, 2007. *See* Fed. R. Civ. P. 6. The Forest Service may respond to any timely filed objections no later than February 15, 2007. *See* Fed. R. Civ. P. 72(b).

IT IS SO ORDERED.

Dated this 18th day of January, 2007.

s/ John L. Kane
John L. Kane, Senior District Judge
United States District Court