**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Civil Action No. 06-CV-00556-JLK-DLW**

**PAGOSANS FOR PUBLIC LANDS,**

**Plaintiff,**

**v.**

**U.S. FOREST SERVICE; and
U.S. DEPARTMENT OF AGRICULTURE,**

**Defendants.**

---

**FINDINGS AND RECOMMENDATIONS RE:
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 56) AND
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT (DOC. 68)**

---

**ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

## BACKGROUND

This litigation concerns release of records under the Freedom of Information Act ("FOIA") related to the Laughlin Land Exchange--a proposed exchange of private and Federal lands near Pagosa Springs, Colorado and comes before the Court on cross-motions for summary judgment on Plaintiff's Second Claim for Relief filed by Plaintiff Pagosans for Public Lands ("Pagosans") and Federal Defendants U.S. Forest Service and U.S. Department of Agriculture. Pagosans is a non-profit membership organization comprised primarily of Pagosa Springs' community members and landowners. In August of 2004, Pagosans requested disclosure and release of agency records related to the proposed Laughlin Land Exchange. Pagosans request was related to Defendant Forest

1

Service's invitation of public comment on the exchange of three (3) parcels of private land (totaling 264 acres) scattered throughout Archuleta and Chaffee Counties for 330 acres of public land in Archuleta County located approximately 2-miles from downtown Pagosa Springs.

These Findings and Recommendations address the agency's withholding of certain agency records under the exemptions set forth in FOIA. Having reviewed the pleadings and filings of all parties and conducted oral argument in this matter on August 21, 2007, the Court now finds that agency Defendants have not met their burden necessary to justify withholding three Appraisal Reports which were prepared outside of the agency.

Additionally, and because Defendants notified the Court and agreed during oral argument to release the "appraisal values" contained in three Appraisal Review Reports, the Court finds that Defendants have met their burden to continue to withhold, through existing redactions, the deliberative process information regarding the agency's internal discussions and deliberations of the appraisal values contained in the Appraisal Review Reports, but not the appraisal values themselves.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is the preferred means by which Courts in the 10th Circuit resolve FOIA cases. *See* **Anderson v. Health & Human Servs.**, 907 F.2d 936, 942 (10th Cir. 1990)("In order to fulfill its obligation to review *de novo* the agency's decision not to disclose materials sought under the FOIA, a district court has a variety of options."). Summary judgment may be used to resolve a dispute and enter judgment where there is "no genuine issue as to any material fact" and the "moving party is entitled to judgment

2

as a matter of law." Fed. R. Civ. P. 56(c); *See also*, **Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.**, 165 F.3d 1321, 1326 (10th Cir. 1999); **Adler v. Wal- Mart Stores, Inc.**, 144 F.3d 664, 670-72 (10th Cir. 1998).

When reviewing a summary judgment motion under the FOIA, "[t]he federal agency resisting disclosure bears the burden of justifying nondisclosure." **Anderson v. Health & Human Servs.**, 907 F.2d 936, 941 (10th Cir. 1990)

## FINDINGS OF FACT

1. On August 26, 2004, Pagosans submitted a FOIA request to the U.S. Forest Service requesting, among other things, "any and all documents which estimate the value of the Federal and non-Federal properties involved" in the proposed Laughlin Land Exchange.

2. On October 18, 2004, the Regional Forester for U.S. Forest Service responded to Plaintiff's FOIA request by releasing 55 pages in part and withholding in full 120 pages pursuant to FOIA, Exemption 5.  In response, the Forest Service withheld in full three Appraisal Review Reports pursuant to FOIA Exemption 5, 5 U.S.C. § 552(b)(5).  The Forest Service did not identify the underlying Appraisal Reports.

3. On November 8, 2005, Pagosans administratively appealed the Regional Forester's FOIA response to the U.S. Department of Agriculture ("USDA").  USDA did not respond to Pagosans' administrative appeal and did not issue an appeal decision within 20 working days.

4. On March 27, 2006, Pagosans filed a complaint challenging, among other things, agency Defendants violation of FOIA and alleged illegal withholding of records through improper application of FOIA Exemption 5, 5 U.S.C. § 552(b)(5).

5. On June 5, 2006, the Court issued a Scheduling Order imposing a limit, pursuant to Fed.R.Civ.P. 16(b)(8), on the time a Vaughn Index could be filed without seeking leave of the Court by motion showing good cause. The deadline for production of a Vaughn Index was set for September 1, 2006.

6. On August 30, 2006, agency Defendants timely produced the declaration of Rita M. Morgan, Privacy Act Officer for USDA and a Vaughn Index which identified 344 pages of records responsive to Pagosans' August 26, 2004 FOIA request.  Of those 344 pages of records determined to be responsive, agency Defendants released an additional 111 pages of records and withheld 233 pages pursuant to FOIA Exemption 5, 5 U.S.C. § 552(b)(5).

7. In their August 30, 2006 Vaughn Index, agency Defendants withheld in their entirety pursuant to FOIA Exemption 5: three Appraisal Reports (dated July 12, 2004 and July 9, 2004)(Vaughn Index ##8-10); and, (2) three Appraisal Review Reports (August 18, 2004)(Vaughn Index ## 4-6).

8. On December 12, 2006, and after Pagosans propounded discovery on agency Defendants regarding the applicability of FOIA Exemption 5, agency Defendants released an additional 156 pages of materials and withheld 54 pages pursuant to a new and of FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Pursuant to this December 12, 2006 release, the three Appraisal Reports (Vaughn Index ## 8-10) were released in part, with the "valuation information" withheld through redactions pursuant to a new claim of FOIA Exemption 6.  The three Appraisal Review Reports (Vaughn Index ## 4-6) were released with the "valuation information" withheld through redactions pursuant to an assertion of FOIA Exemption 5 and a new claim of FOIA Exemption 6.

9. Agency Defendants' withholding, in whole or in part, of the Appraisal Reports and Appraisal Review Reports appears to form the crux of the dispute between the parties on summary judgment.

10. Agency Defendants continue to withhold "valuation information" from the Appraisals Reports and Appraisal Review Reports, including the appraisal values, prices individuals paid for the properties, financing of property, planned use of property and amounts of insurance on property.

11. On the eve of the summary judgment hearing, agency Defendants notified the Court of its intention to file the "appraisal values" from the Appraisals Reports and Appraisal Review Reports (Doc. 87). However, agency Defendants did not set a time frame for release and the "appraisal values" were not released to Plaintiff or filed with the Court for consideration at oral argument.

## FINDINGS OF LAW

### I. FOIA Exemption 5 Does Not Apply to the Three Appraisal Reports

Agency Defendants withheld the three Appraisal Reports (Vaughn Index ## 8-10) prepared for the Western Land Group, a third-party non-agency proponent of the land exchange.

As conceded by agency Defendants, the source of the agency records - the three Appraisal Reports - are not a government agency and therefore the records cannot be lawfully withheld from Pagosans pursuant to FOIA Exemption 5. ***Department of Interior v. Klamath Water Users Protective Ass'n.***, 532 U.S. 1, 2 (2001).

Although agency Defendants abandoned its argument that the Appraisal Reports are subject to FOIA Exemption 5, the concession came well into this litigation and after

5

the agency withheld these documents from Pagosans for nearly three years. For this reason, summary judgment is appropriate on this issue in favor of Plaintiff.

## II. FOIA Exemption 6 Does Not Apply to the Three Appraisal Reports

Months after the deadline set by Magistrate Judge Coan for filing the filing of a Vaughn Index, agency Defendants asserted FOIA Exemption 6 as a new justification to withhold "valuation information" in the three Appraisal Reports. The Court finds that the assertion of FOIA Exemption 6 was untimely and that, even assuming *arguendo* that the exemption was timely asserted, there is no legal basis and nothing in the record to substantiate the withholding of "valuation information" pursuant to Exemption 6.

This Court's Scheduling Order (Doc. 7) imposed a time limit (September 1, 2006) pursuant to Fed.R.Civ.P. 16(b)(8) on the time a Vaughn Index could be filed. Here, agency Defendants did not seek leave to change the time limits for the filing of a Vaughn Index, and instead insisted at oral argument that the Court must accept a second Vaughn Index and declaration regardless of the deadlines set in the Scheduling Order.

When a government defendant fails to recognize time limits set forth in a scheduling order, fails to seek leave to alter the time limits, and does not show good cause for altering the time limits, a defendant will be prohibited from upsetting the reasonable management requirements for case preparation. *Anderson*, 907 F.2d at 944 (addressing the District Court's discretion in setting FOIA procedures).

Defendants' second Vaughn Index and declaration was dated December 18, 2006 and asserted for the first time FOIA Exemption 6 as a basis for withholding the valuation information contained in the Appraisal Reports. To the extent that Defendants' position

may be construed as a request for alteration of the Scheduling Order to allow the filing of a second Vaughn index and declaration, the request is denied.

However, and even if agency Defendants' second Vaughn Index and declaration were accepted, this Court finds that agency Defendants have not met their burden to withhold documents pursuant to Exemption 6. "The federal agency resisting disclosure bears the burden of justifying nondisclosure." ***Anderson***, 907 F.2d at 941. Defendants have not met their burden.

In the first instance, this Court asked the parties to provide supplemental briefing and present case law or other authority that specifically addresses the assertion that the Appraisal Reports (or the "valuation information" contained therein) constitute "personnel and medical files and similar files" under Exemption 6. The Court finds no legal or factual support for the agencies' assertion that the Appraisal Reports constitute "personnel and medical files and similar files" under Exemption 6.

The Court finds that the plain meaning of FOIA Exemption 6 cannot be construed to support withholding of the appraisal values, prices individuals paid for the properties, financing of property and planned use of property, that is contained in the Appraisal Reports. As a matter of law, none of the disputed information in the Appraisal Reports constitutes "personnel, medical or similar files."

Additionally, and given the public nature of the records in question, especially the price paid for real estate and financing of property, the Court finds that disclosure of the records would not constitute a "clearly unwarranted invasion of personal privacy under Exemption 6." ***Federal Labor Relations Auth.* v. *United States Dep't of Defense***, 984

F.2d 370, 374 (10th Cir. 1993). Further, Defendants' assertion finds no evidence of an expectation of privacy in the record before the Court.

Here, there is nothing in the record to indicate that the Appraisal Reports could not be released to the public or that the Appraisal Reports (and the valuation information contained therein) were expected to be kept in confidence.

The fact that prices individuals paid for the property and financing of property is publicly available information as it is recorded at the county clerk and recorder's office and therefore no legitimate privacy interest exists. With regard to the planned use of the property, this information is commonly part of appraisals and is integral to the preparation of appraisal values for use by the agency and the public to assess a proposed exchange of public land for private parcel(s).

For these reasons, the Court recommends that summary judgment is appropriate on this issue in favor of Plaintiff.

### III. FOIA Exemption 5 Applies Only to Agency Deliberations Contained in the Three Appraisal Review Reports

Defendants continue to withhold, through redactions the three Appraisal Review Reports pursuant to FOIA Exemption 5.

The three Appraisal Review Reports were signed by Sharon K. Moore, Senior Review Appraiser for the USDA Forest Service and constitute the internal agency reviews and evaluations of the third-party Appraisal Reports submitted to the Forest Service by the Western Land Group. The source of the Appraisal Review Reports are a federal agency and the redactions made under the deliberative process privilege are properly asserted by the agency.

As to the remainder of the redacted information contained in the Appraisal Review Reports and based on the declaration of Adam Poe, president of Western Land Group, and the record before the Court, the agencies may continue to withhold this information pursuant to FOIA Exemption 5. The record does not demonstrate that the remainder of the valuation information in the Appraisal Review Reports was communicated outside the agency.

However, there is no dispute that the Forest Service orally communicated the appraisal values that are contained in the Appraisal Review Reports to the Western Land Group. For this reason, the Court finds that FOIA Exemption 5 does not apply to the appraisal values. *See **DOI v. Klamath Water Users Protective Ass'n.**,* 532 U.S. 1, 11 (2001).

## **RECOMMENDATIONS**

Based on the foregoing findings of fact and law:

**IT IS HEREBY RECOMMENDED** that Plaintiff's Cross Motion for Summary Judgment is hereby **GRANTED** and Defendants' Motion for Summary Judgment is **DENIED**.

**IT IS RECOMMENDED** that Defendants are **ORDERED** to disclose a copy of the three Appraisal Reports and all valuation information contained therein. As agreed to by Plaintiff during oral argument, Defendants may continue to withhold "amounts of insurance on property" and any remaining personal information in the form of names and addresses of the land exchange proponent.

**IT IS RECOMMENDED** that Defendants are **ORDERED** to release a copy of the three Appraisal Review Reports including appraisal valuations, but not including deliberative critique of the Appraisal Reports.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), _Thomas_ v. _Arn_, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. _Makin_ v. _Colorado Dep't of Corrections_, 183 F.3d 1205, 1210 (10th Cir. 1999); _Talley_ v. _Hesse_, 91 F.3d 1411,1412-13 (10th Cir. 1996).**

**DATED: August 22, 2007.**

        **BY THE COURT:**

        s/David L. West
        **United States Magistrate Judge**