IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **06-cv-00556-JLK-DLW**

**PAGOSANS FOR PUBLIC LANDS,**

        Plaintiff,
v.

**U.S. FOREST SERVICE, and**
**U.S. DEPARTMENT OF AGRICULTURE,**

        Defendants.
_____

**ORDER ON MAGISTRATE JUDGE RECOMMENDATIONS**
_____

Kane, J.

This matter is before me on two recommendations by Magistrate Judge David L. West: his November 29, 2006 Findings and Recommendation (Doc. 44) ("First Recommendation"), in which he recommends that I deny Plaintiff's Motion for Declaratory Judgment on the Pleadings (Doc. 11), and his August 22, 2007 Findings and Recommendation (Doc. 89) ("Second Recommendation") that I grant in part and deny in part Defendant's Motion for Summary Judgment (Doc. 56) and Plaintiff's Cross-Motion for Summary Judgment (Doc. 68).

Under Rule 72(b), my review of these Recommendations is *de novo* as to any portion to which specific written objection was made, and I may accept, reject, or modify the Recommendations under that standard. Plaintiff Pagosans for Public Lands ("PPL") timely filed objections to the magistrate judge's First Recommendation, which addresses

PPL's first claim for relief.  Defendants U.S. Forest Service and U.S. Department of Agriculture timely objected to certain aspects of the magistrate judge's Second Recommendation, including his ultimate recommendation that Defendants' motion for summary judgment on PPL's second claim for relief be denied in large part and that PPL's cross-motion be granted for the most part.  PPL did not file objections to the magistrate judge's Second Recommendation.  Both parties filed responses to the objections filed by the other.

Having carefully considered the magistrate judge's recommendations, the parties' objections and responses thereto, the underlying motions and the parties' related briefing and argument, and all applicable legal authorities, and being fully advised in the premises, I rule as follows:

    1.    First Recommendation

In its first claim, PPL seeks a declaratory judgment that Defendants violated the Freedom of Information Act ("FOIA") and its implementing regulations by failing "to timely and lawfully respond" to PPL's November 8, 2004 appeal and request for agency records and that the agency continues to violate FOIA by failing "to fulfill [PPL's original] August 24, 2004 request for agency records."  Complaint, ¶¶ 54-55.  In its Motion for Declaratory Judgment on the Pleadings, PPL argues that Defendants' admission in their answer that they did not comply with FOIA's 20-day statutory response time with respect to PPL's November 8, 2004 appeal entitles PPL to the requested judgment on its first claim.  Magistrate Judge West recommended that I deny

this motion on the ground that there is no jurisdiction under FOIA for a declaratory judgment.

Although this basis is over-broad, I agree with and adopt the magistrate judge's recommendation that PPL is not entitled to judgment on its first claim based solely on Defendants' admitted violation of FOIA's statutory response requirements. As reported above, PPL seeks two declarations in its first claim: that Defendants' violated FOIA by failing to respond to PPL's FOIA appeal before this action was commenced and that they continue to violate FOIA by withholding documents to which PPL is lawfully entitled under the statute. The parties' arguments center entirely on the first requested declaration and ignore the second. There is room for disagreement under relevant authority as to whether a declaratory judgment can issue based solely on an agency's violation of FOIA's timing requirements, but none as to the availability of declaratory relief when an agency has improperly withheld documents under the statute. The agency's compliance with FOIA's substantive disclosure requirements is also not a matter that can be decided on the pleadings in the manner requested by PPL. Accordingly, I adopt the magistrate judge's recommendation that PPL's motion for judgment on the pleadings on its first claim be denied.

2. Second Recommendation

The issue of Defendants' alleged unlawful withholding of information raised in part in PPL's first claim for relief is front and center in its second claim. In this claim, PPL alleges Defendants have violated and continue to violate FOIA by improperly

3

applying FOIA Exemption 5 (deliberative process exemption) to withhold information that is responsive to PPL's FOIA request and appeal. As a result of additional document releases made by Defendants after PPL commenced this litigation, the parties' dispute has narrowed to Defendants' refusal to release certain "valuation information" included in three Appraisal Reports (*Vaughn* Index ##8-10) and three Appraisal Review Reports (*Vaughn* Index ##4-6) Defendants have released in redacted form. This information includes appraisal values,[1] the recorded purchase price for the subject properties and comparable properties, the planned use of property and financing information.

In their Motion for Summary Judgment and modified *Vaughn* index, Defendants asserted the referenced valuation information is exempt from disclosure under FOIA through application of Exemption 5 and, for the first time, Exemption 6 (personnel and medical files and similar files). PPL disputed both contentions in its cross-motion and sought summary judgment in its favor.

After receiving extensive briefing and oral argument on these motions, the magistrate judge recommended that I find that neither Exemption 5 nor Exemption 6 applied to the three Appraisal Reports, including the valuation information sought by the parties therein, but that Exemption 5 applied to the redacted agency deliberations contained in the three Appraisal Review Reports, not including the appraisal valuations.

---

[1] Defendants reportedly released the appraisal values after the magistrate judge's Second Recommendation and after they filed their objections to that recommendation. *See* Defs.' Notice of Release of Appraisal Values (Doc. 92).

He also recognized and gave effect to PPL's agreement at oral argument that Defendants may continue to withhold information in the Appraisal Reports regarding the "amounts of insurance on property" and the names and addresses of the land exchange proponent.

After carefully reviewing Defendants' objections to the magistrate judge's recommendation regarding the three Appraisal Reports, I accept and adopt this recommendation. Under the undisputed facts, Defendants have failed to carry their burden of justifying nondisclosure under these exemptions. *See Anderson v. Health & Human Servs.*, 907 F.2d 936, 941 (10th Cir. 1990). In so ruling, I have considered whether Defendants made the necessary showing that disclosure of the redacted information in these reports would constitute a "clearly unwarranted invasion of personal privacy" under Exemption 6. *Federal Labor Relations Auth. v. United States Dep't of Defense*, 984 F.2d 370, 374 (10th Cir. 1993). Whatever privacy interest exists in the disputed valuation information contained in the three Appraisal Reports does not outweigh the public interest in disclosure.

For the reasons stated above:

1. I ACCEPT the magistrate judge's recommendation in his First Recommendation (Doc. 44) and DENY Plaintiff's Motion for Declaratory Judgment on the Pleadings (Doc. 11).

2. I ADOPT the Magistrate Judge's Second Recommendation (Doc. 89) and DENY in part and GRANT in part Defendants' Motion for Summary Judgement (Doc. 56) and Plaintiff's Cross-motion (Doc. 68) as follows:

5

A. I ORDER Defendants to release a copy of each of the three Appraisal Reports in full, including all valuation information contained therein but not including information on the amounts of insurance on the property and the names and addresses of the land exchange proponent;

B. I further ORDER that Defendants release a copy of each of the three Appraisal Review Reports, including appraisal valuations, but not including the agency's deliberative critique of the Appraisal Reports.

IT IS SO ORDERED this 31st day of March, 2008.

s/John L. Kane
John L. Kane
Senior District Court Judge